IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **FRANKLIN TUCK MCVAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 1:20-00064 |
| ) | |
| **UNITED STATES,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Defendants' pending Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as moot.

**PROCEDURE AND FACTS**

On January 27, 2020, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*,[2] and for alleged violations of his constitutional

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The FTCA authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. Federal inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 21-23, 100 S.Ct. 1468, 1472-74, 64 L.Ed.2d 15 (1980). By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of

and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) United States; (2) Federal Bureau of Prisons, Director; and (3) Mid-Atlantic Regional Office, Director. (Document No. 2.) Plaintiff alleges that William Goode, a medical physician employed by Federal Bureau of Prisons, inserted a catheter in his urinary tract to obtain a sample of urine for drug testing without obtaining consent or providing Plaintiff the opportunity to voluntarily urinate. (Id.) Specifically, Plaintiff states as follows:

> While being forcefully restrained to a medical stretcher, I was then injected with an unknown drug and stripped of all clothing except underwear. Then William Goode, with unconsented and refused permission, proceeded in grabbing my genital appendage (penis) while inserting a straight catheter for an unconsented drug test. No choice or opportunity to voluntarily urinate on my own free will was given.

(Id., p. 4.) Plaintiff alleges that forgoing constitutes sexual and physical assault. (Id., pp. 4 and 6 - 7.) Plaintiff further alleges that Mr. Goode acted with deliberate indifference to Plaintiff's medical needs (seizure disorder) when inserting the catheter. (Id.) Finally, Plaintiff alleges that his due process rights were violated during prison disciplinary proceedings because he was found

---

their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

guilty of drug use resulting in a loss of good time credit. (Id.) Plaintiff alleges that he requested the discipline hearing officer obtain and consider his lab test results, but such was refused. (Id.) Plaintiff alleges that his lab test revealed negative results, but such evidence was not considered by the discipline hearing officer. (Id.) As relief, Plaintiff requests monetary damages (Id., p. 4.)

By Order entered on March 10, 2020, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon receipt of Plaintiff's initial partial payment of the filing fee. (Document No. 6.) Plaintiff paid his initial partial payment of the filing fee on April 23, 2020. (Document No. 10.) The Clerk issued process on April 24, 2020. (Document No. 11.) On June 24, 2020, Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Memorandum in Support. (Document Nos. 19 and 20.) Specifically, Defendants argue that Plaintiff's claim must be dismissed based on the following: (1) The Court lacks subject matter jurisdiction (Document No. 20, pp. 4 – 5.); (2) Plaintiff failed to exhaust his administrative remedies (Id., pp. 5 – 8.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on June 25, 2020, advising him of the right to file a response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Document No. 21.) On July 6, 2020, Plaintiff filed a Motion for Extension of Time. (Document No. 22.) By Order entered on July 7, 2020, the undersigned granted Plaintiff a 60-day extension of time until September 24, 2020 to file his response. (Document No. 23.) Despite the granting of the lengthy extension of time and being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his action, Plaintiff has not filed a response to Defendants' above Motion requesting dismissal. After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on

December 1, 2020, directing Plaintiff to "show cause in writing on or before December 14, 2020, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 24.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 19). (Id.) Plaintiff has made no contact with this Court since July 6, 2020.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[3] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since July 6, 2020, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite being granted a 60 day extension of time (Document No. 23), and his receipt of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 19) and the Roseboro Notice (Document No. 21). The Court notes that Plaintiff is no longer incarcerated[4] and there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the

5

instant action.

Consideration of the second factor reveals little to no prejudice to Defendants. Although Defendants have filed a Motion requesting dismissal, there is no indication that Defendants have expended sufficiently time or resources defending Plaintiff's action. The Defendants' Motion requests dismissal for lack of subject matter jurisdiction and based upon Plaintiff's alleged failure to exhaust his administrative remedies. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than five months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be

---

[4] The BOP Inmate Locator indicates that Plaintiff has been released from custody.

ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the show cause order.[5] In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[6] unless Plaintiff is able to show good cause for his failure to prosecute.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2) without prejudice, **DENY as moot** Defendants' Motions to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 19) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good

---

[5] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

[6] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: December 15, 2020.

Omar J. Aboulhosn
United States Magistrate Judge